EMILIO M. GARZA, Circuit Judge,
concurring in part and dissenting in part:
Although I concur in most of the opinion of the Court, I dissent from Part VI of the opinion and the judgment as to Bryan County. My disagreement is with the majority’s treatment of the Monell[1] issue — “it is clear that a single decision may create municipal liability if that decision were made by a final policymaker responsible for that activity” maj. op. at 1183—which is based on our prior opinion in Gonzalez v. Ysleta Indep. Sch. Dist., 996 F.2d 745, 754 (5th Cir.1993).
Clearly, Sheriff Moore was a policymaker under Monell; clearly, he hired Reserve Deputy Stacy Burns; clearly, there is sufficient evidence to support a finding that Sheriff Moore was deliberately indifferent in failing to conduct an adequate background investigation.[2] However, one inadequate back *1186 ground investigation, even by a municipal policymaker, is not the “unconstitutional municipal policy” of which Monell, Pembaur v. City of Cincinnati, 475 U.S. 469, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986), or City of Oklahoma City v. Tuttle, 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985), speaks. This error, in my opinion, flows from blurring the distinction made clear in Tuttle — “where the policy relied upon is not itself unconstitutional, considerably more proof than the single incident will be necessary in every case to establish both the requisite fault on the part of the municipality, and the causal connection between the ‘policy’ and the constitutional deprivation.” Tuttle, 471 U.S. at 824, 105 S.Ct. at 2436 (footnote omitted) (emphasis added).
I do not agree, therefore, with the majority’s implicit reasoning that any “distinction between policies that are themselves unconstitutional and those that cause constitutional violations” is “metaphysical.” Tuttle, 471 U.S. at 833 n. 8, 105 S.Ct. at 2441 n. 8 (Brennan, J., concurring). The majority incorrectly, in my opinion, follows our opinion in Gonzalez in holding that Sheriff Moore’s single decision created municipal liability, without reconciling the Supreme Court’s instruction in Tuttle that a jury must have “considerably more proof than the single incident” before it can find causation.[3] There is a constitutional difference between a sheriff ordering his deputies to violate citizen’s constitutional rights, see, e.g., Pembaur, 475 U.S. at 484-85, 106 S.Ct. at 1300-01 (imposing liability for County Prosecutor’s direct order to police officers to violate Fourth Amendment), and one that hires a reserve deputy without conducting an adequate background investigation. In the latter instance, greater proof is required in order to establish the connection between the policy and the constitutional violation. See Pembaur, 475 U.S. at 482 n. 11, 106 S.Ct. at 1299-1300 n. 11 (plurality opinion) (noting that Tuttle required the plaintiff to “establish that the unconstitutional act was taken pursuant to a municipal policy rather than simply resulting from such a policy in a ‘but for’ sense”); see also City of Canton v. Harris, 489 U.S. 378, 385, 109 S.Ct. 1197, 1203, 103 L.Ed.2d 412 (1989) (requiring a “direct causal link between a municipal policy or custom and the alleged constitutional deprivation”); Benavides v. County of Wilson, 955 F.2d 968, 972 (5th Cir.) (requiring plaintiff to show that “the inadequate hiring ... policy directly caused the plaintiff’s injury”), cert. denied, — U.S. -, 113 S.Ct. 79, 121 L.Ed.2d 43 (1992).
The Court in Pembaur concluded “that municipal liability may be imposed for a single decision by municipal policymakers under appropriate circumstances.” Pembaur, 475 U.S. at 480, 106 S.Ct. at 1298. The Court also stated that Tuttle was “consistent” with its holding that “the policy which ordered or authorized an unconstitutional act can be established by a single decision by proper municipal policymakers.” Id. at 482 n. 11, 106 S.Ct. 1299-1300 n. 11 (plurality opinion). Therefore, it is not clear that Sheriff Moore’s single act of deliberate indifference in fact established “policy,” even though Pembaur holds that a single act “may ” or “can” establish policy “under appropriate circumstances.” I do not believe that the Court in Pembaur intended to suggest that any and every act by a final municipal policymaker constitutes, without more, “municipal policy.” Sheriff Moore’s deliberate indifference may have caused the constitutional violation in a “but for” sense, but it did not directly “order” or “authorize” the violation. Where the policymaker’s decision does not directly “order” or “authorize” the constitutional violation, something more than a single decision is required in order to find that this decision in fact constitutes “municipal policy,” such that we can hold the county liable. Therefore, in my view, Brown failed to establish the constitutional liability of the county *1187 on the basis of Sheriff Moore’s single decision.[4] Accordingly, I would affirm the district court in all aspects, except that I would reverse as to Bryan County.

. Monell v. Department of Social Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

. Under Stokes v. Bullins, 844 F.2d 269 (5th Cir.1988), "We ... require a plaintiff [in cases such as this] to establish actual knowledge of the seriously deficient character of an applicant or a persistent, widespread pattern of the hiring of policemen, for instance, with a background of unjustified violence." Id. at 275 n. 9. Although *1186 the majority does not state explicitly that the jury could have found that Sheriff Moore actually knew of Burns' criminal record, because the evidence supports such a finding, I do not disagree with the majority's conclusion that Sheriff Moore was deliberately indifferent.

. Indeed, because Gonzalez eventually was decided on the question of deliberate indifference, the causation question was never firmly resolved. See Gonzalez, 996 F.2d at 754 (stating only that the policy "may have produced or caused the constitutional violation”).

. I emphasize that it is the County’s constitutional liability and not Sheriff Moore’s tort liability that I question. See DeShaney v. Winnebago County Dep’t of Social Servs., 489 U.S. 189, 201, 109 S.Ct. 998, 1006, 103 L.Ed.2d 249 (1989) (explaining that Due Process Clause does not constitutionalize “every tort committed by a state actor”); Collins v. City of Harker Heights, 503 U.S. 115, 128, 112 S.Ct. 1061, 1070, 117 L.Ed.2d 261 (1992) ("[W]e have previously rejected claims that the Due Process Clause should be interpreted to impose federal duties that are analogous to those traditionally imposed by state tort law.” (citations omitted)); Doe v. Taylor Indep. Sch. Dist., 15 F.3d 443, 450 (5th Cir.) (en banc) ("Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law.” (quoting Baker v. McCollan, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433 (1979))), cert. denied, - U.S. -, 115 S.Ct. 70, 130 L.Ed.2d 25 (1994).